**DENIED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | Case No.: C 09-02388 JW PVT |
| Plaintiff, | (~~PROPOSED~~) **CASE MANAGEMENT ORDER #1** |
| vs. | |
| VESTA STRATEGIES, LLC, et al., | |
| Defendants. | |
| SAMUEL W. HENKA, et al., | |
| Counter-Claimants, | |
| vs. | |
| UNITED STATES FIRE INSURANCE COMPANY, a corporation,, | |
| Counter-Defendant. | |
| SAMUEL W. HENKA, et al., | |
| Cross-Claimants, | |
| vs. | |
| VESTA STRATEGIES, LLC, et al. | |
| Cross-Defendants. | |

– 1 –

The parties who have appeared to date having stipulated, and good cause appearing,

IT IS HEREBY ORDERED:

**1.      Complex Designation**

The Court declares this action complex within the meaning of Rule 16(c)(2)(L), such that it requires case management which varies from the standard procedures utilized in this District.  Without limitation, the Court has taken into consideration the following in finding this case to be complex:

      a.      It seeks class action relief under Rule 23.

      b.      It includes a Cross-Complaint seeking relief against a large number of different cross-defendants on various legally distinct theories.

      c.      It is document intensive and is likely to involve a large number of depositions across a wide geographic area.

**2.      Case Management Committee**

In order to facilitate the efficient management of discovery and the pretrial preparation process, the Court appoints the following attorneys and firms to a Case Management Committee:

      Plaintiff and Counter-Defendant representative/firm:  Andrew B. Downs of Bullivant Houser Bailey PC, E-Mail:  andy.downs@bullivant.com

      Cross-Claimant representatives/firm:  Robert L. Brace and Peter Candy of Hollister & Brace.  E-Mail:  rlbrace@hbsb.com

Additional defense representatives will be appointed following the appearance of the Cross-Defendants.  Any Cross-Defendant attorney who wishes to seek appointment to the Committee shall follow the following protocol:

      i.      The attorney seeking appointment shall contact the existing members of the Committee to express interest.

      ii.     If the attorney seeking appointment and the Committee are in agreement the Committee shall submit a Stipulation and Order appointing additional member(s) of the

Committee. If they are not in agreement, the attorney seeking appointment may file a Motion for Administrative Relief pursuant to Local Civil Rule 7-11.

**3.    Electronic Service**

All parties, except for parties appearing *pro se*, shall be deemed to have consented to service of all pleadings, including all discovery notices, requests and responses, via e-mail. Pleadings filed through the CM/ECF system do not need to be re-served via e-mail. All discovery notices, requests and responses that are not filed with the Court through the CM/ECF system shall be served via e-mail in pdf format. Within ten days of the date of this Order all represented parties who have already appeared shall file with the Court a list of e-mail addresses at which they will receive service. All parties who appear subsequently shall file a list of e-mail addresses within ten days of their first appearance. It shall be the responsibility of counsel for Cross-Complainants to provide notice of this requirement to those parties who have not yet appeared. Nothing in this Order shall preclude a party who has appeared pro se from serving documents via e-mail. Parties in pro se may not, however, file via the CM/ECF system.

All discovery and other pleadings which are not filed with the court shall be served via e-mail. Such documents shall be transmitted in pdf format.

Counsel for Cross-Complainants shall maintain a list of those parties appearing in *pro se* who are not required to serve document or receive service electronically. Counsel for Cross-Complainants shall distribute that list to counsel for all other parties as often as is necessary.

**4.    Discovery**

**A.    Initial Disclosures**

Initial Disclosures pursuant to F.R.Civ.P. 26 shall be due on or before December 4, 2009 for all parties who have appeared before October 30, 2009, and shall be due 60 days after the first appearance for all parties who appear after October 30, 2009.

**B.    Document Production and Disclosures**

The Case Management Committee is authorized to negotiate a contract with an outside vendor to serve as a central Document Depository. The Committee shall give Notice to all parties of the identity of the Document Depository as well as the proposed contractual terms. If

1  no motion to reject that choice is filed within 12 days of Notice from the Committee, the
2  Committee's choice shall be binding upon the parties, subject to further order of the Court.  Use
3  of that Central Document Depository shall be mandatory.  Production of documents into that
4  Central Document Depository, together with the service of a Notice of Deposit shall constitute
5  service upon all parties who have appeared.
6  Production of documents shall be in electronic form.  The Case Management Committee
7  shall give notice to all parties regarding format and media requirements.
8  Prior to producing the documents, the documents shall be bates-stamped in numerical
9  order with an assigned prefix. The depositing party shall contact counsel for plaintiff, Bullivant
10 Houser Bailey PC at E-Mail #vesta@bullivant.com, who are administering the assignment of
11 suitable prefixes prior to the party or witness producing documents.

12 **5.    Amendments to this Order**

13 On or before November 20, 2009, or 14 days before Case Management Conference
14 Statements are due, whichever is later, the Case Management Committee shall circulate to all
15 parties who have appeared a draft Case Management Order #2 (or such higher number if this
16 Order is amended prior to that time) which will contain provisions relating to:  (1) Depositions
17 and deposition protocols; (2) Discovery deadlines; and (3) Proposed Dates for a Pretrial
18 Conference and Trial.  On or before the date on which the Case Management Conference
19 Statements are due, the Case Management Committee shall file a proposed Case Management
20 Order #2 containing the provisions outlined above.  Any party objecting to the terms of the
21 Proposed Case Management Order #2 shall report the disagreement and the party's position in
22 its Case Management Conference Statement.
23 Any party seeking to Amend this Order may file a Motion for Administrative Relief
24 pursuant to Local Rule 7-11 after conferring with the Case Management Committee.

25 **6.    Standing Order to Lodge Copy of CM/ECF Filings.**

26 In all cases, including cases covered by the Electronic Case Filing System of the Court
27 "ECF," when filing papers in connection with any motion or any pretrial conference, in addition
28 to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed

– 5 –

1   copy of the papers, in an envelope clearly marked "Chamber's Copy – Lodged for the Chambers
2   of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case
3   number and be delivered on or before the close of the next court day following the day the
4   papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

5   **7.      Case Management Conference**

6          The Initial Case Management Conference shall remain set for December 14, 2009 at
7   10:00 a.m. in San Jose.

8   **8.      Miscellaneous Provisions.**

9          Relief from Orders.  Any party, upon application to the Court, may seek relief from any
10  provision in this Order.

11         Communication with the Court.  The Court is not to be copied with communications
12  between the parties unless so directed by the Court.

13

14  **\*\*\* ORDER \*\*\***

15     The Court DENIES the parties at this time pending the initial Case Management Conference
16
17  with the parties on **December 14, 2009 at 10 a.m.**

18

19  Dated:  October 15, 2009                    _____
20                                              JAMES WARE
                                                United States District Judge
21