IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vesta Strategies, LLC, <br><br>    Plaintiff, <br>  v. <br><br>Robert E. Estupinian, et al., <br><br>    Defendants. <br>_____/ | NO. C 07-06216 JW |
| United States Fire Insurance Co., <br><br>    Plaintiff, <br>  v. <br><br>Vesta Strategies, LLC, et al., <br><br>    Defendants. <br>_____/ | NO. C 09-02388 JW |
| United States of America, <br><br>    Plaintiff, <br>  v. <br><br>John D. Terzakis, et al., <br><br>    Defendants. <br>_____/ | NO. CR 09-01212 JF |
| United States of America, <br><br>    Plaintiff, <br>  v. <br><br>Peter C. Y. Ye, <br><br>    Defendant. <br>_____/ | NO. CR 10-00044 JF <br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO RELATE CASES** |

Presently before the Court is the government's Notice of Related Case in a Criminal Action.[1] The government seeks the Court's determination as to whether two criminal cases presently before Judge Fogel relate to two civil actions before the Court.[2]

The government contends that the Criminal Actions relate to the Civil Actions because (1) Terzakis and Estupinian, defendants in one of the Criminal Actions, were opposing parties in the 2007 Civil Action, and (2) all three criminal defendants, Terzakis, Estupinian, and Ye, are parties to the 2009 Civil Action, which involves civil claims similar to the criminal charges against the criminal defendants. (Notice at 2.)

Civil Local Rule 3-12(a) provides:

An action is related to another action when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

Here, the 2007 Civil Action resulted in a default judgment against Defendant Terzakis. (See C 07-06216-JW, Docket Item No. 196.) On July 17, 2009, the 2007 Civil Action was terminated. (See Docket Item No. 197.) Since the 2007 Civil Action is closed, the Court finds that it is not likely that an unduly burdensome duplication of labor and expense or conflicting results would occur if the Criminal Actions proceeded before a different judge.

Further, the 2009 Civil Action did not include any of the criminal defendants at the time it was filed. (See First Amended Complaint for Rescission and Declaratory Relief, C 09-02388-JW Docket Item No. 5.) The criminal defendants were three of forty-nine cross-defendants added after a cross-complaint was filed in the 2009 Civil Action. (See Counter-Claim and Cross-Claim, hereafter,

---

[1] (hereafter, "Notice," CR 09-01212-JF Docket Item No. 8.) Although the Notice was not filed in the earliest-filed case as an Administrative Motion, the Court treats it as such. See Civ. L.R. 3-12(b).

[2] The government seeks to relate United States v. Terzakis, et al., CR 09-01212-JF, and United States v. Ye, CR 10-0044-JF ("Criminal Actions") to Vesta Strategies LLC v. Estupinian, et al., C 07-6216-JW ("the 2007 Civil Action") and United States Fire Insurance Co. v. Vesta Strategies, LLC et al., C 09-2388-JW ("the 2009 Civil Action") (collectively "Civil Actions").

United States District Court
For the Northern District of California

"Cross-Complaint," C 09-02388-JW Docket Item No. 13.) While the acts underlying the Criminal Actions are related to the actions alleged in the Cross-Complaint, the Cross-Complaint concerns only a small subset of the claims against the civil defendants in the 2009 Civil Action. As such, the 2009 Civil Action has a much broader scope than the Criminal Actions.[3] Thus, the 2009 Civil Action does not involve substantially the same parties, transactions or events.

Accordingly, the Court DENIES the government's Motion to Related the cases.

Dated: February 9, 2010

JAMES WARE
United States District Judge

---

[3] Seven of the eleven causes of action in the 2009 Civil Action do not involve the criminal defendants. (See Cross-Complaint.)

3