UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a corporation,<br><br>                Plaintiff,<br>vs.<br><br>VESTA STRATEGIES, LLC, a limited liability company; SAMUEL W. HENKA, an individual,<br><br>                Defendants. | Case No.: 5:09-cv-02388-JW PSG<br><br>**MASTER PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |
| THOMAS DILLON, as Receiver for Vesta Strategies, LLC<br><br>                Counter-Claimant,<br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a corporation.<br><br>                Counter-Defendant. | |

Upon the stipulation and agreement of counsel for United States Fire Insurance Company ("U.S. Fire") (Plaintiff and Counter-Defendant ) and Thomas Dillon ("Dillon"), the Court-Appointed Receiver for Vesta Strategies, LLC (Defendant and Counter-Claimant) and Excalibur 1031 Group LLC (collectively, the "Parties" and each individually, a "Party"), to facilitate document disclosure and production, and to protect confidential information and

1

communication covered by the attorney-client Privilege and/or by the work-product doctrine (hereinafter referred to as "Protected Material") of the Parties or of non-parties, good cause appearing, and based on the stipulation of the parties to this action by and through their attorneys of record, IT IS HEREBY ORDERED AS FOLLOWS:

This Agreed Protective Order shall govern the handling of all Confidential Information (defined below) produced in this action ("Produced Material"), by any Party or any other party (which may include non-parties) (the "Producing Party") disclosed during discovery connected with the litigation pending before this Court pursuant to Rule 502(d) of the Federal Rules of Evidence. In accordance with Rule 502 and the terms of this Order, privilege or protection is not waived by the disclosure of Protected Material connected with litigation pending before the court, in which event the privilege or protection is also not waived in any other Federal or State proceeding.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted and consistent with the public policy of the State of California and the Federal Rules of Civil Procedure. This Order is not intended to foreclose any party's right to make a valid objection to any discovery request(s) on privilege, privacy, trade secrets or confidentiality grounds.

2. DEFINITIONS

2.1   Party: any party to this action, including all of-its current officers, directors, Employee consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are exchanged, produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: for purposes of this Order, Confidential Information or Items means information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(b)(3)(A) and are designated us "CONFIDENTIAL" in the good faith belief that it contains confidential, proprietary, trade secret and/or otherwise private information subject to protection under state or federal law.

2.4     "Highly Confidential-Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. The parties anticipate that the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation will be used sparingly and only for information which, if exchanged in discovery with another Party, could cause competitive harm to the Producing Party's business.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are current employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or

as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 <u>Related Actions</u>: litigation pending or to be filed in another court which arises out of similar alleged facts and circumstances as are alleged in the complaint filed in this litigation, together with the following case pending in this court: *Thomas Dillon v. Continental Casualty Company*, Case Number 5:10-cv-05238-JW-PSG.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or if court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Manner and Timing of Designations</u>. *Except as otherwise provided in this Stipulated Protective Order (see, e.g.,* second paragraph of section 5.1(a) below), , or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the outside cover or first page of each document or thing. The Producing Party may also designate information for confidential treatment by affixing the appropriate label on each page that contains protected material. Parties other than the Producing Party may designate such materials for confidential treatment by written notice. Documents produced prior to the date of this Protective Order may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTONREY'S EYES ONLY." within 30 days of the entry of this Order by the production (in electronic form) of a replacement set of the documents bearing the appropriate designations.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" even though not physically marked as such at the time of inspection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, and before producing the specified documents, the Producing Party must affix the appropriate label ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on the outside cover or first page of each document or thing. The Producing Party may also designate information for confidential treatment by affixing the appropriate label on each page that contains protected material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions or the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" When it is impractical to identify separately each portion of testimony that is

entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order, Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"), If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLYCONFIDENTIAL - ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material. Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Protective Order by written notice. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions and specify whether they qualify for "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" protection.

5.2   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is

appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced to the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. As used in this Protective Order, an act is "timely" if it does not unduly prejudice another party.

      5.3     <u>Inadvertent Production of Privileged Material</u>: If the Producing Party contends that it has inadvertently produced material that it alleges is protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or is otherwise immune to discovery (the "Subject Material"), that party shall notify the Receiving Party of the inadvertent production immediately upon its discovery of the inadvertent production. Immediately upon notification, and in no event, no later than three business days after receiving notice, the Receiving Party shall return, sequester, or destroy all copies of the Subject Material identified in the notice, and may not use or disclose the information until the claim of privilege or work product is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Receiving Party shall certify in writing that it has complied with this requirement. In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Subject Material, nor shall it waive or prejudice any challenge it may have to the Producing Party's claim of inadvertent production. If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Subject Material, the Receiving Party may file a motion with the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

      If the Receiving Party discovers that the Producing Party has produced or otherwise disclosed to the Receiving Party documents or material that the Receiving Party in good faith understands to be potentially covered by the attorney-client privilege, the work product doctrine, and/or any other privilege, the Receiving Party shall notify the Producing Party within two business days that it has possession of the document or material. If in response to this

notification, the Producing Party asserts that the document or material is privileged, then the parties shall follow the process set forth in paragraph one of this section.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or Related Actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation and all Related Actions to which the Receiving Party is a party have terminated; a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation or Related Actions;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or related Actions and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A):

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or Related Actions and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation or Related Actions;

(f) Former employees, officers, partners, or directors of the Parties, provided that such former employees, officers, partners, or directors had access to said material when they held said positions and have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A):

(g) Witnesses in the action to whom disclosure is reasonably necessary in preparation for and during their respective depositions, and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

(h) The author of the document or the original source of the information.

7.3  <u>Disclosures of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's House Counsel with responsibility for overseeing the litigation or Related Actions to whom disclosure is reasonably necessary for this litigation or Related Actions;

(c) the Receiver for Vesta Strategies, LLC and Excalibur 1031 Group, LLC;

(d) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation or Related Actions and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel; and

(f) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation or Related Actions.

7.4     **Maintenance of Signed Agreements.** The Outside Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

7.5     **Disclosure Not Otherwise Authorized.** In the event that Outside Counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Protective Order, such Counsel shall make a written request (delivered by hand, electronic mail or facsimile) to Counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved. Within five business days of the request, Counsel for the Designating Party may object to such disclosure by delivering by hand, electronic mail, or fax a written objection to Counsel serving the disclosure letter. Failure to so object constitutes consent to such disclosure. In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Protective Order until such dispute has been resolved by agreement of the parties or by order of the Court.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If the court in a Related Action enters an order or has a rule inconsistent with this Protective Order, the parties to this Action shall, to the extent that compliance with this Protective Order does not violate such rule or order of the court having jurisdiction over the Related Action, comply with this Protective Order.

If a Receiving Party is served with a discovery request, subpoena or an order issued in any litigation that would compel disclosure under terms inconsistent with this Protective Order of any Protected Material designated in this Action pursuant to the provisions of this Protective Order, the Receiving Party must so notify the Designating Party, in writing (by hand delivery, electronic mail or facsimile), immediately and in no event more than five court days after receiving the discovery request, subpoena or order. Such notification must include a copy of the discovery request, subpoena or court order. The Receiving Party also must immediately inform

1  in writing the party who served the discovery request or subpoena or caused the order to issue in
2  the other litigation that some or all the material covered by the discovery request, subpoena or
3  order is Protected Material covered by this Protective Order.  In addition, the Receiving Party
4  must deliver a copy of this Protective Order promptly to the party in the other action that served
5  the discovery request or subpoena or caused the order to issue. The purpose of imposing these
6  duties is to alert the interested parties to the existence of this Protective Order and to afford the
7  Designating Party in this case an opportunity to try to protect its confidentiality interests in the
8  court from which the discovery request, subpoena or order issued. The Designating Party shall
9  bear the burdens and the expenses of seeking protection in that court of its confidential material-
10 and nothing in these provisions should be construed as authorizing or encouraging a Receiving
11 Party in this action to disobey a lawful directive from another court.

12  9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13         If a Receiving Party learns that by inadvertence or otherwise; it has disclosed Protected
14 Material to any person or in any circumstance not authorized under this Protective Order, the
15 Receiving Party must immediately (a) notify in writing the Designating Party of the
16 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
17 (c) inform the person or persons to whom unauthorized disclosures were made of all the
18 PARTIES of this Stipulated Protective Order, and (d) request such person or persons to execute
19 the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

20 10.    FILING PROTECTED MATERIAL

21         Without written permission from the Designating Party or a court order secured after
22 appropriate notice to all interested persons, a Party may not file in the public record in this
23 action any Protected Material. A Party may file Protected Material with the Court under seal by
24 following the appropriate Rules of Practice For The District Court of The Northern District of
25 California, including filing paper copies of all "CONFIDENTIAL" and "HIGHLY
26 CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents directly with the Court rather than
27 filing them electronically.

28

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action (*i.e.,* a court order terminating this action and from which no appeal is taken) and all Related Actions to which the Receiving Party is a party, each Receiving Party must return all Protected Material to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline· that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies and not required to return copies of all pleadings, motion papers, transcripts, legal memoranda. correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such Counsel take appropriate steps to prevent the disclosure in a manner contrary to this Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.  Protected material that exists in electronic form need not be destroyed provided that Counsel takes action to protect the material from disclosure to non-parties.

12. ENFORCEMENT OF PROTECTIVE ORDER

All who have signed an "Acknowledgment of Agreement to be Bound By Protective Order" (Exhibit A)  thereby agree to be bound by the jurisdiction of this Court for purposes of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

13. <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. The Parties are entering into the Protective Order, and to facilitate production of documents in the discovery process in this litigation and Related Actions. The Parties agree that the fact that any Party stipulated to the Protective Order cannot be argued in any action for any purpose, except to enforce the provisions of the Protective Order. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

Dated: March 11, 2011

IT IS SO ORDERED

_____
Hon.. Paul Singh Grewal
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *United States Fire Insurance Company v. Vesta Strategies, LLC; Thomas Dillon v. United States Fire Insurance Company*, Case No. 5:09-cv-02388-JW.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment it in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, Northern District of California the purposes or enforcing the terms of this Protective Order even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ of [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____