ROBERT L. BRACE, SBN 122240
rlbrace@hbsb.com
PETER L. CANDY, SBN 149976
pcandy@hbsb.com
**HOLLISTER & BRACE**
P.O. Box 630
Santa Barbara, CA  93102
Telephone: (805) 963-6711
Facsimile:  (805) 965-0329

Attorneys for Counter-Claimant Thomas Dillon,
as Court-Appointed Receiver for Vesta Strategies, LLC
and Excalibur 1031 Group LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a corporation,<br><br>                    Plaintiff,<br>vs.<br><br>VESTA STRATEGIES, LLC, a limited liability company; SAMUEL W. HENKA, an individual,<br><br>                    Defendants. | Case No.: 09-cv-02388 JW<br><br>**Assigned to Hon. James Ware**<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER FOR PRODUCTION OF**<br>**DOCUMENTS** |
| THOMAS DILLON, as Receiver for Vesta Strategies, LLC<br><br>                    Counter-Claimant,<br>vs.<br><br>UNITED STATES FIRE INSURANCE COMPANY, a corporation.<br><br>                    Counter-Defendant. | |

Counter-Claimant THOMAS A. DILLON, as Court-Appointed Receiver for Vesta

Strategies, LLC and Excalibur 1031 Group ("Dillon") and Borel Private Bank and Trust

Company ("Borel"), by and through their respective counsel, stipulate and agree as follows:

1. On September 30, 2011, the United States District Court, Northern District of California, through counsel for Dillon, issued the subpoena attached hereto as Exhibit A to Borel. Borel thereafter timely served objections.

2. Following a reasonable search and investigation, Borel has located documents in accounts in the name of IAG 1031, LLC ("IAG 1031") responsive to the subpoena. Dillon is not a signatory to the IAG 1031 accounts at Borel, but asserts that he (as the Receiver for Vesta, the successor of IAG 1031) owns all right, title and interest to said accounts. In addition, Dillon asserts that certain signatories to the IAG 1031 account have agreed that the IAG 1031 documents may be released to Dillon.

3. Borel desires to comply in good faith with its obligations to respond to the subpoena, and its obligations to its account holders. As a result, and for the reasons stated herein, Dillon and Borel agree as follows:

    a. Borel shall send written notice (the "Written Notice") containing the subpoena, this Stipulation and [Proposed] Order for Production of Documents and a statement that Borel intends to produce documents responsive to the subpoena, absent an objection or motion to quash, by U.S. Mail to the last known address of IAG 1031 and the last known address of the signatories of the IAG 1031 accounts. The signatories on the IAG 1031 accounts (the "IAG 1031 Signatories") are Robert Estupinian, Ginny Hillig (a/k/a Ginny Estupinian), Peter Ye and Sarah Gaus. Within 5 days of the execution and filing of this Order, Dillon will serve the executed and filed Order on IAG 1031 and the IAG 1031 Signatories.

    b. If there is no objection in writing or motion to quash filed and served within the latter of 15 days after the date of the Written Notice or 5 days after service of the Order as specified in 3.a, Borel is authorized to produce said documents to Dillon's attorney of record.

    c. If there is an objection in writing or a motion to quash filed and served within the time frames specified in 3.b., Borel need not produce such documents unless and until said objection is resolved between IAG 1031, the IAG 1031 Signatories or the

1    objecting entity or person, on the one hand, and Dillon on the other hand, via motion or

2    otherwise, in a manner that authorizes Borel to produce such documents.

3        4.    Upon the production of documents pursuant to this Stipulation and Order, Dillon

4    shall maintain the confidentiality of the documents and information therein and shall use the

5    documents and information for no purpose other than this action and shall not disclose the

6    documents outside of this action.

7        IT IS SO STIPULATED.

8

9    DATED: December 16, 2011        HOLLISTER & BRACE

10

11                                    By:    /s/ Robert L. Brace
                                           ROBERT L. BRACE
12                                         PETER L. CANDY
                                           Attorneys for Counter-Claimant
13                                         THOMAS DILLON, AS COURT-
                                           APPOINTED RECEIVER FOR
14                                         VESTA STRATEGIES, LLC and
                                           EXCALIBUR 1031 SERVICES
15

16

17   DATED: December 16, 2011        NIXON PEABODY LLP

18

19                                    By:    /s/ Bruce E. Copeland
                                           BRUCE E. COPELAND
20                                         Attorneys for Non-party
                                           BOREL PRIVATE BANK &
21                                         TRUST COMPANY
                                           ORDER
22

23

24       The parties having stipulated and good cause appearing, **IT IS SO ORDERED.**

25

26   DATED:    January 17, 2012

27                                    HON. JAMES WARE
                                      UNITED STATES DISTRICT JUDGE
28

**STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF BOREL BANK DOCUMENTS**
**Case No. C 09-2388-JW**

# EXHIBIT A

## SUBPOENA TO BOREL

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

<table>
<tr><td>Thomas A. Dillon, as Court-Appointed Receiver for Vesta Strategies, LLC and Excalibur 1031 Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>United States Fire Insurance Company,<br><br>Defendant</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.   5:09-cv-2388-JW-PVT<br><br>(If the action is pending in another district, state where:<br><br>                               )</td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records for
      Borel Private Bank & Trust Company
      160 Bovet Road, San Mateo, California 94402

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      See Attachment A

<table>
<tr><td>Place:  Hollister & Brace<br>         1126 Santa Barbara Street<br>         Santa Barbara, California 93101</td><td>Date and Time:<br><br>     10/31/2011 9:00 am</td></tr>
</table>

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     09/30/2011

        *CLERK OF COURT*
                                   OR

    _____          _____
      *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Thomas Dillon, as Court-Appointed Receiver for Vesta Strategies, LLC and Excalibur 1031 Services, who issues or requests this subpoena, are:

Robert L. Brace, Esq.
Peter L. Candy, Esq.
Hollister & Brace
1126 Santa Barbara Street,
Santa Barbara, California 93101   Tel:(805) 963-6711 /  Email:  rlbrace@hbsb.com / plcandy@hbsb.com

# ATTACHMENT "A"

## DOCUMENTS

Attached hereto as **Exhibit A** are the Orders appointing Thomas Dillon ("Dillon") as the Court-Appointed Receiver for Vesta Strategies, LLC ("Vesta") and Excalibur 1031 Group, LLC ("Excalibur") and designating Hollister & Brace as his counsel. As Receiver, Dillon represents and acts on behalf of Vesta and Excalibur and is entitled to receive the documents requested below:

Produce all "Documents" and "Communications" related to the following entities or persons, or any entity related to each or any of them:

1. **Vesta Strategies, LLC**

   a. **Investment Advantage Group, LLC**

   b. **IAG, LLC**

   c. **IAG 1031, LLC**

   d. **Vesta Reverse 100**

   e. **Vesta Capital Advisors, LLC**

   f. **Vesta Reverse 100, LLC**

   g. **Vesta Reverse 221, LLC**

2. **Excalibur 1031 Group, LLC**

3. **John Terzakis**

4. **Peter Ye**

5. **Robert Estupinian**

   The term "Documents" or "Communications" herein is used in the broadest sense possible and shall mean all documents related to the above entities including signature cards, account statements, checks and deposit slips, emails regarding the accounts, correspondence regarding the accounts, opening account documents, records of incoming and outgoing wire transfers, account standing records and any other records that reflect the transactions with these accounts.

Any such "Document" is to be produced in a reasonably legible and usable form. Where possible, the "Documents" produced shall be made available electronically, in readable "TIF" or "PDF" disc format.

For purposes of this request, "Documents" or "Communications" shall include all documents or communications containing variations on the names "Excalibur 1031 Group, LLC" and "Vesta Strategies, LLC

— 1 —

# EXHIBIT A

United States District Court
For the Northern District of California

1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN JOSE DIVISION

10  United States Fire Insurance Company,           NO. C 09-02388 JW

11              Plaintiff,                    **ORDER GRANTING MOTION TO**
                                             **APPOINT RECEIVER; ORDER**
        v.                                   **APPOINTING RECEIVER**
12
    Vesta Strategies, LLC, et al.,
13
             Defendants.
14  _____/

15         Presently before the Court is Counter-Claimants and Cross-Claimants Samuel W. Henka,

16  Michael Simmons, Joyce Simmons, Christopher Walsh, and Maria Del Carmen Alonso's

17  (collectively, "Cross-Claimants") Motion to Appoint Receiver for Defendant Vesta Strategies, LLC

18  and Cross-Defendant Excalibur 1031 Group, LLC. (hereafter, "Motion," Docket Item No. 75.)

19  Plaintiff does not oppose the Motion. (See Response of U.S. Fire Insurance Company to Motion for

20  Appointment of Receiver at 2, hereafter, "Response," Docket Item No. 93.) The Court finds it

21  appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).

22  Cross-Claimants seek appointment, on behalf of themselves and the putative class, of a receiver to

23  represent and act on behalf of Vesta Strategies, LLC and Excalibur 1031 Group, LLC (collectively,

24  "Exchange Entities"). (Motion at 4.)

25         Cross-Claimants move for appointment of a receiver on the following basis:

26              As it stands, the Exchange Entities have been abandoned by their owners, and are
           currently incapacitated and without representation. The only known asset of any value held
27         by the Exchange Entities and available to satisfy creditors' claims are the Commercial Crime
           [Insurance] Policies with 1031 Tax-Deferred Exchange Endorsements purchased by the
28         Exchange Entities ('Crime Policies'). The Crime Policies protect against owner theft of

client funds in qualified intermediaries such as the Exchange Funds.  The Crime Policies are in imminent danger of being harmed or forever lost as a result of the incapacitation of the Exchange Entities.  A receiver is needed to take control of the Exchange Entities and represent their interests, as well as to manage, preserve, and protect the assets of the Exchange Entities, including the Crime Policies.

  The Crime Policies, by their terms, require the named insureds to submit notice and proof of loss due to owner theft as a prerequisite to obtaining any benefits under the Policies.  The named insureds under the Crime Policies are the Exchange Funds, not Cross-Claimants.  The owners of the Exchange Funds (Cross-Defendants John Terzakis and Robert Estupinian), who are accused of looting the Exchange Funds, have failed and refused to make a claim under the Policies.  Furthermore, each of the Crime Policies require that claims made against the Policies be timely.  Thus, unless a receiver is appointed to act in the name of the Exchange Entities to preserve and protect the insurance, the Crime Policies face the immediate danger of loss by default.

(Motion at 4-5, 7, 9-10, 14.)

  Upon review of the parties' submissions, the Court finds that appointment of a receiver is warranted in this case to protect the interest of Cross-Claimants and the putative class as creditors against the potential loss of assets held by the Exchange Funds.  See Civ. L.R. 66; Fed. R. Civ. P. 66; S.E.C. v. Hardy, 803 F.2d 1034, 1038-39 (9th Cir. 1986).

  Accordingly, the Court GRANTS Cross-Claimants' Motion and appoints Thomas A. Dillon as Receiver to represent and act on behalf of Vesta Strategies, LLC and Excalibur 1031 Group, LLC.[1]  This appointment is effective upon the filing of (1) the Oath of Receiver and (2) Receiver's Bond in the penal sum of $2,500.

  During the period of receivership, IT IS ORDERED THAT THE RECEIVER SHALL BE AUTHORIZED AS FOLLOWS:

  (1)  The Receiver shall assume possession and control of all property and assets held in the name of the Exchange Entities, including, without limitation, any and all insurance policies and related assets purchased by or owned by the Exchange Entities (the "Property").

---

  [1] Cross-Claimants represent that Mr. Dillon is a practicing attorney who has served numerous appointments as an independent fiduciary and receiver under the supervision and direction of federal district courts, and is willing to act as a receiver in this case at an hourly rate of $300. (See Declaration of Peter L. Candy in Support of Motion to Appoint Receiver ¶¶17-18, Ex. 1, Docket Item No. 76.)

United States District Court
For the Northern District of California

(2)   The Receiver shall manage, preserve, and maintain the Property, on behalf of the receivership estate (the "Estate"), and any creditors of the Estate, pending further order of the Court. This includes filing notices of claims and submitting proofs of loss as necessary to protect and preserve insurance claims on behalf of the creditors of the Estate.

(3)   The Receiver shall take possession of all the books and records pertaining to the Property of the Exchange Entities, wherever located, as the Receiver deems necessary for the proper administration, management or control of the Property of the Estate.

(4)   The Receiver shall execute and prepare all documents and perform all acts, either in the name of the Exchange Entities or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing or controlling the Property of the Estate.

(5)   The Receiver shall employ agents, servants, employees, accountants, and management consultants, and others as reasonably necessary to preserve, protect, manage or control the Property of the Estate.

(6)   In the event monies come into possession of the Receiver pursuant to his administration, management or control of the Estate, the same shall be held by the Receiver as a common fund for the payment of the Exchange Entities' obligation to creditors suing the Exchange Entities on claims raised in the Counter-Complaint and Cross-Complaint filed in this action, subject to such orders as the Court may issue as to their disposition.

(7)   The Receiver shall establish bank accounts for the deposit of monies and funds collected and received in connection with his administration of the Estate, at any financial institution the Receiver deems appropriate, provided that any funds on deposit at the financial institution are fully insured by an agency of the United States government.

3

(8)     The Receiver shall institute ancillary proceedings as are necessary to preserve and
        protect the Estate, and the Receiver may engage the services of legal counsel, if
        necessary, upon further application to the Court.

(9)     The Receiver shall, to the extent feasible, within ninety (90) days of his qualification
        hereunder, file in this action an inventory of all Property of which he shall have taken
        possession pursuant to this Order and shall conduct periodic accountings thereafter.

(10)    The Receiver shall prepare periodic interim statements reflecting the Receiver's fees
        and administrative costs and expenses incurred for that interim period in the
        operation and administration of the Estate. Upon completion of an interim statement,
        and the mailing of the statement to the parties' respective attorneys of record, or any
        other designated person or agent, the Receiver shall submit the interim statements to
        the Court for its approval and confirmation.

(11)    The Receiver's fees and administrative costs and expenses approved by the Court
        shall be taxed as a cost against monies coming into possession of the Receiver
        pursuant to his administration, management or control of the Estate, and held as a
        common fund for the benefit of the creditors suing the Exchange Entities on claims
        raised in the Counter-Complaint and Cross-Complaint filed in this action.

(12)    The Receiver, or any party to this action, may, from time to time and on due notice to
        all parties, apply to the Court for further orders instructing the Receiver.

IT IS FURTHER ORDERED that the Exchange Entities, and all persons and entities now in
possession of any part of the Property, shall immediately surrender their possession thereof to the
Receiver.

Dated: December 16, 2009

_James Ware_

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

1  THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2  Andrew B. Downs andy.downs@bullivant.com
   Becki F. Kieffer courtir@troutmansanders.com
3  Charles Edward Wheeler cwheeler@cozen.com
   Kevin Richard Martin kevin@pattonmartinsullivan.com
4  Peter Roldan peter.roldan@bullivant.com
   Peter Laurence Candy plcandy@hbsb.com
5  Robert Louis Brace rlbrace@hbsb.com
   Shawn Robert Parr shawn@parrlawgroup.com

6

7

   Dated:  December 16, 2009                    Richard W. Wieking, Clerk
8

9                                        By:____/s/ JW Chambers_____
                                                Elizabeth Garcia
10                                              Courtroom Deputy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a corporation, | Case No.: C0902388 JW PVT |
| Plaintiff, | [PROPOSED] ORDER APPOINTING THE LAW FIRM |
| vs. | OF HOLLISTER & BRACE TO ACT AS LEGAL COUNSEL TO |
| VESTA STRATEGIES, LLC, a limited liability company; SAMUEL W. HENKA, an individual, | THOMAS A. DILLON, COURT APPOINTED RECEIVER |
| Defendants. | Judge: Hon. James Ware |
| | Courtroom 8, 4th Floor, San Jose |

Good cause appearing, Thomas A. Dillon, in his capacity as Court Appointed Receiver for defendant Vesta Strategies, LLC and non-defendant Excalibur 1031 Group, LLC, is hereby authorized to engage the law firm of Hollister & Brace to act as legal counsel of record for the Receiver in the above-captioned matter, and for purposes of instituting ancillary proceedings as necessary to preserve and protect the property of the receivership estate.

**IT IS SO ORDERED:**

Dated: September 23, 2010

_____

Honorable James Ware
United States District Judge

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**

 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**

 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 (i) fails to allow a reasonable time to comply;

 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 (iv) subjects a person to undue burden.

 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 (i) disclosing a trade secret or other confidential research, development, or commercial information;

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 (i) expressly make the claim; and

 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Law Offices Of: Hollister & Brace<br>1126 Santa Barbara Street<br>Santa Barbara, CA  93110<br>*Telephone No:* (805) 963-6711      *FAX No:* (805) 965-0329 | *For Court Use Only* |

*Attorney for:* Plaintiff

*Ref. No. or File No.:*
7549.001

*Insert name of Court, and Judicial District and Branch Court:*
  United States District Court

*Plaintiff:* THOMAS A. DILLON

*Defendant:* UNITED STATES FIRE INSURANCE COMPANY

| **PROOF OF SERVICE**<br>**Subpoena in a  Civil** | *Hearing Date:*<br>Mon, Oct. 31, 2011 | *Time:*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>5:09-cv-2388-JW-PVT |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Subpoena in a  Civil Case; Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Order Appointing the Law Firm of Hollister & Brace to Act as Legal Counsel to Thomas A. Dillon, Court Appointed Receiver

3. a. *Party served:*    Custodian of Records for BOREL PRIVATE BANK & TRUST COMPANY
   b. *Person served:*    Frely Kelly / Customer Service Representative Authorized to Accept Service of Process

4. *Address where the party was served:*    160 Bovet Road
    San Mateo, CA  94402

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Oct. 05, 2011 (2) at: 3:32PM
   b. *I received this subpoena for service on:*    Monday, October 03, 2011

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**
   a. Doug  Schroeder

    COMMERCIAL
    PROCESS SERVING, INC.
    674 County Square Drive, Suite 107
    Ventura, California 93003
    Ph: (805) 658-8291 • Fax: (805) 658-8470
    www.comproserve.net
    *Your kind of Attorney Service*

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. **The Fee** *for Service was:*    $75.00
   e. I am: (3)  registered California process server
      (i)    Independent Contractor
      (ii)   Registration No.:    203
      (iii)  County:    Marin

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Thu, Oct. 06, 2011

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE**<br>Subpoena in a  Civil | (Doug  Schroeder) | hb11.152386 |
|---|---|---|---|